

**State of New Jersey**

PHILIP D. MURPHY
*Governor*

TAHESHA L. WAY
*Lt. Governor*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
OFFICE OF THE SOLICITOR GENERAL
PO BOX 080
TRENTON, NJ 08625

MATTHEW J. PLATKIN
*Attorney General*

JEREMY M. FEIGENBAUM
*Solicitor General*

October 3, 2024

**VIA ECF**
Honorable Edward S. Kiel, U.S.D.J.
United States District Court
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

    Re: *MacDonald et al. v. Sabando*, No. 1:23-cv-23044

Dear Judge Kiel:

    The Fifth Circuit's recent decision in *Hines v. Pardue*, No. 23-40483, ___ F.4th ___, 2024 WL 4297014 (5th Cir. Sept. 26, 2024), has no bearing on this case. Third Circuit precedent instead requires the application of rational-basis review. And even were this Court not so bound, *Hines* is factually and legally distinguishable.

    As the Attorney General has explained, Dkt. 23-1 at 26-31, the Third Circuit's opinion in *Castille* provides the governing First Amendment framework. *See Nat'l Ass'n for the Advancement of Multijurisdiction Practice v. Castille*, 799 F.3d 216 (3d Cir. 2015). Under that decision, "content-neutral licensing requirement[s] for the practice of [medicine]" need only a "rational connection" with a medical provider's "fitness or capacity to practice the profession." *Id.* at 221.

    This case fits that framework like a glove. The State's telehealth-licensing law is indisputably a licensing requirement to practice medicine in the State. *See* N.J. Stat. Ann. § 45:1-62(b) ("Any health care provider who uses telemedicine or engages in telehealth while providing health care services to a patient, shall … be validly licensed … to provide such services in the State of New Jersey."). And it is content-neutral: it is a simple "requirement[]" to "*obtain*[] a license to practice law" without "restrict[ing] what a



HUGHES JUSTICE COMPLEX · TELEPHONE: (862) 350-5800 FAX: (609) 292-3508
*New Jersey is an Equal Opportunity Employer · Printed on Recycled Paper and Recyclable*

professional can and cannot say." *Castille*, 799 F.3d at 221 (cleaned up); *see also Brokamp v. James*, 66 F.4th 374, 392 (2d Cir. 2023) (explaining why a similar licensing requirement is content-neutral), *cert. denied*, 144 S. Ct. 1095 (2024). So *Castille* calls for rational-basis review, 799 F.3d at 221-23, which the telehealth-licensing requirement categorically meets, *see* Dkt. 23-1 at 31-36.

Plaintiffs make no effort to explain how *Hines* contradicts *Castille*, nor could they: the Fifth Circuit's opinion in no way undermines Third Circuit case law. For one, *Hines* itself is far afield: it was not a challenge to the underlying obligation to receive a license to treat Texas animals, nor to the attendant requirements to become licensed, but rather an as-applied challenge by an already licensed veterinarian to Texas's requirement that veterinarians physically examine animals before engaging in the practice of veterinary medicine. *Compare* 2024 WL 4297014, at *1-2, *with Castille*, 799 F.3d at 220-23 (First Amendment challenge to rule allowing attorneys barred in reciprocal states to be admitted by motion without taking bar examination again). For another, the Fifth Circuit had no reason to cast doubt on *Castille*'s conclusion that licensing requirements like New Jersey's are content-neutral. It expressly "assume[d] without deciding" that Texas's (wholly unrelated) law *was* "content-neutral" as-applied to the veterinarian challenger. 2024 WL 4297014, at *7. The court simply determined that Texas had "failed to carry its burden" to satisfy intermediate scrutiny on the as-applied facts. *Id.* at *7-13. In any event, even if *Hines* were to conflict with *Castille*, "a circuit split between our Court of Appeals and the courts of appeals for other circuits does not make Third Circuit precedent any less binding." *Kamal v. J. Crew Grp.*, 416 F. Supp. 3d 357, 361 (D.N.J. 2019).

Further, were this Court to disregard *Castille* and apply intermediate scrutiny, the more apt out-of-circuit precedent to follow would be *Brokamp*, not *Hines*. In *Brokamp*, 66 F.4th at 392-402, the Second Circuit determined that New York's mental-health-counseling licensing requirement was content-neutral and satisfied intermediate scrutiny, rejecting the vast majority of the arguments Plaintiffs raise here. *See* Dkt. 23-1 at 32-36 (discussing *Brokamp*). Plaintiffs' notice of supplemental authority gives no reason for this Court to diverge from *Brokamp*'s soundly reasoned conclusion that because a licensing requirement such as this one also "survives intermediate scrutiny both on its face and as applied," they have "fail[ed] to state a First Amendment claim for which relief can be granted." 66 F.4th at 403.

                                         Respectfully submitted,

                                         /s/ Christopher J. Ioannou
                                         Christopher J. Ioannou (NJ Bar 429912023)
                                         Deputy Attorney General

cc: All counsel via ECF